## Staunton.

## T. E. GRIMSLEY, TRUSTEE, ET ALS., v. HARVEY C. GIBSON, ET ALS.

### September 21, 1922.

1. MORTGAGES AND DEEDS OF TRUST—*Construction of Deed of Trust— Amount of Notes Secured by Deed—Case at Bar.*—In the instant case a deed of trust was made to secure the payment "of the following notes: All bearing date as of November 1, 1919, with interest from date, payable annually, drawn by H. C. Gibson to the order of J. W. Albert for the following amounts, and payable at the following times: One note for $1,765, one for $5,410, and one note for $8,875, payable one year after date; five notes for sum of $7,175, payable in two, three, four, five, and six years after date, respectively." The question of construction arose as to the "five notes for sum of $7,175, payable in two, three, four, five, and six years after date, respectively." The trial court construed this language as securing five notes aggregating $7,175.

    *Held:* That the trial court erred, and that the deed secured five notes each for the sum of $7,175.

2. WORDS AND PHRASES—*"Sum."*—The primary meaning of the word "sum" is the aggregate of two or more things taken together; whole; total; quantity of money.

3. WORDS AND PHRASES—*"Sum"*—*Mortgages and Deeds of Trust—Case at Bar.*—A deed of trust was made to secure "the following notes" for the following amounts: "One note for $1,765, one for $5,410, and one note for $8,875, payable one year after date; five notes for sum of $7,175, payable in two, three, four, five, and six years after date, respectively." The word "sum" must be construed in connection with the context. So considered if the draftsman had intended to provide that the aggregate sum of the five notes was $7,175, he would have said so distinctly, and also stated whether the five notes were equal or unequal in amount. What the draftsman intended to say was that, among the several notes which were secured by the deed, there were five equal in amount, maturing one each year in from two to six years after date, and that each of them was for the sum of $7,175.

Appeal from a decree of the Circuit Court of Russell county.   Decree for complainants.   Defendants appeal.

*Reversed.*

The opinion states the case.

*Grimsley & Miller* and *Jackson & Henson,* for the appellants.

*J. E. Duff* and *Finney & Wilson,* for the appellees.

PRENTIS, J., delivered the opinion of the court.

The appellants, T. E. Grimsley, trustee, and E. M. Funkhouser and J. W. Albert, who are creditors of Gibson, whose debts were secured by a certain deed of trust upon land in Culpeper county, complain of a decree by which it was adjudged that the amount of the debts thus secured amounted in the aggregate to $23,225.00, instead of the sum of $51,925.00, as claimed by the appellants.

There was a general creditors' suit instituted by certain judgment creditors of H. C. Gibson, in which, among other things, it was alleged in the bill that the principal sum due under the deed of trust of November 1, 1919 upon the tract of land in Culpeper county to T. E. Grimsley, trustee, was to secure the payment of certain notes described therein for the principal sum of $51,925.00 ' which will more fully and at large appear by reference to said deed of trust," which was filed as an exhibit with the bill.   There was a decree referring the cause to a commissioner to ascertain and report the liens by judgment or otherwise upon all of the lands of the judgment debtor, as well that in Russell as in Culpeper county, Virginia.   Apparently because there

was no issue raised as to the amount of the debt secured by the deed of trust, Grimsley, trustee, was authorized to execute it by selling the property. Within three days from the time this decree of reference was entered, the commissioner made a report of the liens, and among other liens, reported that the debt, secured by the deed of trust to Grimsley, amounted to only $23,225.00. He reached this conclusion, notwithstanding the allegation of the bill, because of his construction of the language of the deed, which will be hereafter quoted. There were no exceptions to his report and it was confirmed. Thereafter, when these appellants were advised of the facts just recited, they promptly filed a petition for rehearing, which, in substance, alleged that inasmuch as the amount claimed to be secured by the deed of trust was admitted by the bill, they paid no attention to the proceedings before the commissioner in chancery, were taken by surprise and knew nothing of his conclusion until long after the confirmation of the report. They asked that the decree of confirmation be reheard, and that their petition to rehear be treated as as exception to the report, and prayed that the court would by decree fix and determine the amount of the debt at $51,925.00, representing unpaid purchase money for the land in Culpeper county in accordance with their claim. The appellees, judgment creditors of Gibson, who were also complainants in the original bill, demurred to the said petition. Upon the hearing the court sustains that demurrer and confirmed the construction which the commissioner had placed upon the provision in the deed of trust which is involved, holding that as between themselves and the other lien creditors of Gibson the debt thereby secured was the smaller amount, and that no contradictory evidence could be introduced.

[1, 2] The clause in the deed of trust thus construed reads: "To secure the prompt payment of the following notes: All bearing date as of November 1, 1919, with interest from date, payable annually, drawn by H. C. Gibson to the order of J. W. Albert for the following amounts, and payable at the following times: One note for $1,765.00, one for $5,410.00, and one note for $8,875 00, payable one year after date; five notes for sum of $7,175.00, payable in two, three, four, five and six years after date, respectively."

The question arises as to the five notes payable in two, three, four, five and six years after date. The trial court construed the language used as securing five notes aggregating $7,175.00, whereas the contention of the appellants is that the deed secured five notes each for the sum of $7,175.00. A careful scrutiny of the language is therefore necessary in order to determine which of these two conflicting views is correct.

We observe, in the first place, that the draftsman of the deed undertook to draw an instrument to secure the payment of certain notes, intending immediately thereafter to describe them, as appears in the first clause by the use of the words, "the following notes." Then, in the second clause, after giving the date, providing for interest thereon, and that it should be payable annually, he uses the words "for the following amounts and payable at the following times," as descriptive of the notes which are to be secured, *i. e.*, he intended immediately thereafter to state the amount of each note and the time of its maturity. Then in the concluding clause it appears that there are, in addition to the three previously described, five other notes. There being five such other notes, then their aggregate is greater than $7,175.00, unless the draftsman changed his apparent purpose to state the amount of each of

the notes to be secured by the deed of trust. If he adhered to his purpose of stating the amount of each note, indicated by the words "following amounts," then he did not intend merely to state the aggregate thereof. If there were five notes aggregating the sum of $7,175.00 how is it to be determined from the language of the deed when each or any one of these five separate notes is due, for, as clearly expressed by the clause, they are payable annually in two, three, four, five and six years after date? The commissioner and the court reached their conclusion, as we think, by putting undue emphasis on the word "sum" in the clause, "five notes for the sum of $7,175.00." The definition of the word "sum' relied upon, is correct—that is, its primary meaning is "the aggregate of two or more things taken together; whole; total; quantity of money." The word "sum," however, as here used, must be construed in connection with the context. So considered it seems to us clear that if the draftsman had intended to provide that the aggregate sum of the five notes was $7,175.00, he would have said so distinctly, and also stated whether the five notes were equal or unequal in amount. If unequal it may be assumed that the amount of each would have been stated with the date of maturity of each within the six years during which all were payable. If equal in amount, however, the date of the maturities is sufficiently stated. When the context is thus considered, we are unable to agree with the learned judge of the trial court. We think it is fair to say that the draftsman, by the language used, intended to say that among the several notes which were secured by the deed there were five equal in amount maturing one each year in from two to six years after date, and that each of them was for the sum of $7,175.00.

In the absence of parol evidence (and we have none here) we are of opinion that the trial court has misconstrued the provision, and that its true construction is, as was in substance alleged in the complainants' bill, that there were five notes, each for the sum of $7,175.00. Our conclusion then is that the demurrer to the petition for rehearing should have been overruled, and that the appellants should have been permitted to except to the commissioner's report.   The court should have thereupon ascertained the true amount of the debt secured by the deed of trust to be the principal sum of $51,-925.00.   This court will accordingly so decree.

*Reversed.*